UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF DAVID RAMOS, for writ of habeas corpus,<br><br>        Petitioner,<br><br>-against-<br><br>LETITIA JAMES, New York State Attorney General,<br><br>        Respondent. | 21-CV-7881 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Petitioner, who is currently incarcerated at Woodbourne Correctional Facility, brings this *pro se* petition for a writ of *habeas corpus*, pursuant to 28 U.S.C. § 2241, seeking to challenge a November 2, 2020 final order of removal issued by an immigration judge (IJ), which was affirmed by the Board of Immigration Appeals (BIA) on August 16, 2021. Petitioner raises constitutional arguments and claims U.S. citizenship by birth. For the following reasons, this petition is transferred to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

  On May 11, 2005, the United States Congress enacted the REAL ID Act, stripping federal district courts of jurisdiction to review orders of removal or requests for a stay of removal. *See* 8 U.S.C. § 1252(a)(5). Under the REAL ID Act, "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this [Act]" *Id.* Such a "petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Section 1252(b)(2). Where a petitioner raises constitutional claims, the petition still must be filed in the appropriate court of appeals, as a petition for review. *See Shabaj v. Holder*, 718 F.3d 48, 51 (2d Cir. 2013) (per curiam) (noting that "while *this court*

would have jurisdiction to review any constitutional claims or questions of law raised by [Petitioner] in a petition for review . . . the *district court* did not have jurisdiction") (emphasis in original).

If a district court concludes that it does not have jurisdiction to consider a petitioner's challenge to a removal order, the court must then determine whether transfer to a court of appeals is appropriate. *See Ping Wang v. Dep't of Homeland Sec.*, 484 F.3d 615, 618 (2d Cir. 2007). Generally, if a petitioner does not file his submission on a timely basis, transfer would be inappropriate. *Id.* (holding that transfer to the court of appeals was not permitted where petition for review would be untimely). A petition for review of an order of removal must be filed "not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1).

The Court concludes that it lacks jurisdiction to consider Petitioner's challenge to his order of removal, *see* § 1252(a)(5), (b)(2), and that it is appropriate to transfer this petition to the Second Circuit, as it appears to be timely. Petitioner had until September 15, 2021, to file his petition for review in the Second Circuit; that is, 30 days from August 16, 2021, the date Petitioner alleges the BIA affirmed the IJ's decision. Although Petitioner did not sign the petition, the envelope in which the petition was mailed is postmarked September 16, 2021, one day after the time to file expired. The Court assumes for the purposes of this order, however, that Petitioner placed the petition in the prison mailbox system for mailing before September 16, 2021. *See Houston v. Lack*, 487 U.S. 266, 270 (1988) (under the prison mailbox rule, a prisoner's submission is deemed filed when he places it in the prison mailing system for mailing); *Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (holding that under the prison mailbox rule, a submission from a prisoner is considered filed on the date the prisoner signed the submission).

As the Court cannot conclude that the petition is untimely, the Court transfers the petition to the Court of Appeals for the Second Circuit.

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States Court of Appeals for the Second Circuit. This order closes this case.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   September 27, 2021
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge